MR. JUSTICE MORRISON,
concurring and dissenting:
I dissent in part and concur in part.
I specifically agree with the resolution of the issue on impeaching the jury verdict utilizing the volunteer statement of the foreman. The statement by the foreman indicating that the jury considered negligence presents an interesting question. By analogy, I believe the issue to be controlled by Johnson v. Super Save Markets, Inc. (1984), [211 Mont. 465,] 686 P.2d 209, 41 St.Rep. 1495. In that case the jury returned a verdict for general damages in the amount of $17,000. However, the jurors voluntarily added a hand written list enumerating five separate elements of damage accounting for the total of $17,000. The itemization showed that the jury awarded damages for things which did not find support in the record. In refusing to impeach the verdict with the handwritten notations of the jurors, we said,
“. . . we are not compelled to impeach a verdict with considerations of the jury which are voluntarily offered just as we uniformly refuse to do so with the same information as elicited under oath through affidavits.”
The statement of the foreman was a volunteer statement as the hand written notations in Johnson v. Super Save, supra, were. Therefore, I would hold that the foreman’s statements should be disregarded.
I dissent from the holding in the majority opinion affirming the trial court ruling granting a motion in limine foreclosing consideration of sales under threat of condemnation. The majority opinion distinguishes between comparable sales utilized by an expert witness in arriving at market value and the admissibility of those sales to establish market value. I believe this is unnecessary “splitting of hairs.” However, the motion in limine and the ruling thereon, in this case, foreclose the consideration of such sales for any purpose. Such ruling runs contrary to the holding of this Court in State Highway Comm’n v. Voyich (1963), 142 Mont. 355, 384 P.2d 765. Justice Castles, in holding such sales admissible said:
“We are not called upon, nor do we rule, on the question of admis *259 sibility of sales to condemnors to establish market price. We have set forth sufficient here, though, to establish that upon the objections raised by the State, as heretofore quoted, the District Court was not in error in allowing the evidence for the reason that the objection went to comparability of the lands, which comparability was shown . . . .”
I believe that the holding of the Court in Voyich, supra, is clearly that sales made under threat of condemnation are comparable sales. If such sales constitute comparable sales they can be used by an appraiser in arriving at market value. It would also seem that they are directly admissible although the Court did not rule on that question.
Following the authority found in State Highway Comm’n v. Voyich, supra, I would hold that it was error to prohibit consideration of these “comparable sales” for any purpose whatsoever. Such a determination would require a new trial.
I would reverse and remand for a new trial in accordance with the views herein expressed.